SUMMARY ORDER

Petitioner Zhu Fung Cao, a native and citizen of the People’s Republic of China, seeks review of a September 12, 2007 order of the BIA denying his motion to reopen. In re Zhu Fung Cao, No. A072 765 962 (B.I.A. Sept. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Man Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Cao’s untimely motion to reopen.
Cao waives any challenge to the BIA’s finding that he failed to demonstrate changed country conditions excusing the untimeliness of his motion to reopen. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, Cao’s argument that the BIA erred in finding that he failed to demonstrate his prima facie eligibility for asylum and withholding of deportation fails. We have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. See Jian Hui Shao, 546 F.3d at 169-73 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Similarly, Cao’s arguments related to the filing of a successive asylum application, including his equal protection and United Nations Protocol arguments, are without merit. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *70 of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).